**Fred W. ALKIRE and Lois O. Alkire,**
**Appellants,**

v.

**Robert A. RIDDELL, Appellee.**

**No. 22070.**

United States Court of Appeals
Ninth Circuit.

July 8, 1968.

Paul Frederic Marx (argued), of Wenke, Pilskaln, Kemble & Marx, Santa Ana, Cal., for appellants.

Grant W. Wiprud (argued), Lee A. Jackson, Marian Halley, Attys., Dept. of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., William M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and BROWNING, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge:

The issue involved in this appeal is whether royalty payments based upon the extraction of sand and gravel are entitled to capital gains treatment or whether, as the District Court found, they are ordinary income subject to the depletion allowance.

Beginning in December, 1954, Fred W. Alkire (the taxpayer) [1] conducted a sand and gravel business on leased property. In the summer of 1955, Star Rock Products, Inc., acquired this business. It paid the taxpayer $60,000 for his rock crush-

---

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

1. Mrs. Lois O. Alkire is a party to this litigation because joint income tax returns are involved. She played no part in any of the transactions relevant to this controversy.

ing plant, truck scales, and other leasehold improvements. The taxation of this income is not in dispute. As part of the transaction, the taxpayer assigned his leasehold right to mine the property to Star Rock Products in return for a royalty of three cents a ton of sand and gravel extracted and sold from the premises. Star Rock Products did not assume an obligation either to mine a minimum quantity or to pay a minimum royalty. The assignment was to remain effective as long as Star Rock Products extracted minerals from the premises.

■ The taxpayer contends that he sold the minerals to Star Rock Products and that royalties of $132,051.53 for the period 1959 to 1962 inclusive should be taxed at long-term capital gain rates. The government denies that a "sale" occurred, but asserts that regardless of how one characterizes the transaction, the taxability of the royalties is controlled by the "economic interest" test. Under this test, income from mineral extraction is ordinary income subject to the depletion allowance if the taxpayer retains an "economic interest" in the mineral deposit. Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489 (1933). An "economic interest" is retained whenever the taxpayer has acquired by investment any interest in minerals in place and has obtained, by any legal relationship, income from the extraction of the mineral, to which he must look for a return of his capital. Commissioner of Internal Revenue v. Southwest Exploration Co., 350 U.S. 308, 76 S.Ct. 395, 100 L.Ed. 347 (1956); 26 C.F.R. § 1.611–(1) (b) (1).

Here, the taxpayer assigned his right to extract sand and gravel for royalties from future production. Star Rock Products had no obligation to mine any minerals or to pay a minimum royalty. The minerals were the taxpayer's only source of income, and this income was dependent on future mineral extraction.

■■ The taxpayer's reliance on patent cases in support of his contention that this transfer was a sale entitled to capital gains treatment is misplaced.

Congress has recognized the peculiar character of the business of extracting natural resources. Burton-Sutton Oil Co. v. Commissioner of Internal Revenue, 328 U.S. 25, 33, 66 S.Ct. 861, 90 L.Ed. 1062 (1946). Mineral extraction is viewed as an income producing operation and not as a conversion of capital investment. Percentage depletion allows tax-free return of capital consumed through severance of minerals. Anderson v. Helvering, 310 U.S. 404, 407–408, 60 S.Ct. 952, 84 L.Ed. 1277 (1940). This depletion is allowable regardless of cost and depends solely on production. Burton-Sutton Oil Co. v. Commissioner of Internal Revenue, supra at 328 U.S. 34, 66 S.Ct. 861.

The taxpayer also asserts that the "economic interest" test is confined to oil and gas cases and does not apply to hard mineral cases. He relies on Gowans v. Commissioner of Internal Revenue, 246 F.2d 448 (9th Cir. 1957), and also on Barker v. Commissioner of Internal Revenue, 250 F.2d 195 (2d Cir. 1957), and Linehan v. Commissioner of Internal Revenue, 297 F.2d 276 (1st Cir. 1961).

Appellant concedes that Gowans v. Commissioner of Internal Revenue, supra, involves peculiar facts. Unlike the present case, the buyer in Gowans agreed to remove and pay for all of the taxpayer's mineral deposit. Furthermore, the exact quantity of material was known prior to the execution of the agreement. This case is not in point.

In Wood v. United States, 377 F.2d 300 (5th Cir. 1967), cert. denied 389 U.S. 977, 88 S.Ct. 465, 19 L.Ed.2d 472 (1967), a hard mineral case in which the taxpayer sought capital gains treatment, Judge Thornberry, after an exhaustive analysis of the authorities, rejected both Barker and Linehan as being in conflict with the Supreme Court decisions and with the great weight of authority.

This Court in the recent case of Hair v. Commissioner of Internal Revenue, 396 F.2d 6, (9th Cir. 1968), came to the same conclusion. It held that the "economic interest" test controls the taxability of income from hard mineral production.

Here, the taxpayer retained an economic interest in the minerals, and the royalties were properly taxed as ordinary income.

Affirmed.